MOORE, Chief Justice
(dissenting).
Because I believe that the State provided insufficient evidence of a preexisting *273 plan by which to measure the conduct of the roadblock at issue in this case, I would grant the petition for a writ of certiorari to review this issue.

I.Facts and Procedural History

City of Birmingham police officers arrested Cartez Woolen at a roadblock and charged him with unlawful possession of a controlled substance. § 13A-12-212(a)(l), Ala.Code 1975. He entered a guilty plea, reserving for appeal the issue of the legality of the search at the roadblock. The Court of Criminal Appeals found that the roadblock search did not violate the Fourth Amendment. Woolen v. State, 154 So.3d 264 (Ala.Crim.App.2013). Woolen then sought a writ of certiorari from this Court to review the decision of the Court of Criminal Appeals.

II.Standard of Review

“Where the evidence before the trial court was undisputed the ore tenus rule is inapplicable, and the Supreme Court will sit in judgment on the evidence de novo, indulging no presumption in favor of the trial court’s application of the law to those facts.” Stiles v. Brown, 380 So.2d 792, 794 (Ala.1980). Additionally, because individualized suspicion for stopping a vehicle is not present at a roadblock where every driver is questioned, the State has the burden of proving that the roadblock was reasonable under the Fourth Amendment. Ex parte Jackson, 886 So.2d 155, 163 (Ala. 2004).

III.Analysis

A. Purpose of the Roadblock

Because the use of police roadblocks implicates the Fourth Amendment interest in being free from unreasonable searches and seizures,[1] the United States Supreme Court has limited the use of such roadblocks to certain specified purposes. See Illinois v. Lidster, 540 U.S. 419, 124 S.Ct. 885, 157 L.Ed.2d 843 (2004) (seeking information concerning a recent crime); Michigan Dep’t of State Police v. Sitz, 496 U.S. 444, 110 S.Ct. 2481, 110 L.Ed.2d 412 (1990) (checking for sobriety); Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983) (checking driver’s licenses); and United States v. Martinez-Fuerte, 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976) (intercepting illegal aliens). However, a roadblock whose primary purpose “is ultimately indistinguishable from the general interest in crime control ... violate[s] the Fourth Amendment.” City of Indianapolis v. Edmond, 531 U.S. 32, 48, 121 S.Ct. 447, 148 L.Ed.2d 333 (2000). See also Hagood v. Town of Town Creek, 628 So.2d 1057 (Ala.Crim.App.1993) (noting that the “general interest in law enforcement simply does not outweigh the liberty interests of those seized, however brief the seizure may be”). On appeal to the Court of Criminal Appeals Woolen argued that “the roadblock in this case was established solely for the impermissible purpose of creating a police presence in a high-violence area as a deterrent of violent crime and, thus, was unconstitutional.” Woolen, 154 So.3d at 267. His petition for a writ of certiorari, however, does not raise the issue whether the purpose of the roadblock was impermissible. Instead he challenges, as he did below, the constitutionality of the manner in which the roadblock was conducted.

B. Manner of Conducting the Roadblock

A roadblock “ ‘carried out pursuant to a plan embodying explicit, neutral limitations *274 on the conduct of individual officers’ ” is reasonable under the Fourth Amendment. Ogburn v. State, 104 So.3d 267, 270 (Ala. Crim.App.2012) (quoting Brown v. Texas, 443 U.S. 47, 51, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979)). Although the Ogbum court did not require the State to produce a preexisting written plan for conducting a roadblock, it did require, in conformity with Brown, that “a witness for the State must specifically articulate the full details of the previously established plan that limits the discretion of the individual officers at the checkpoint....” 104 So.3d at 275 (emphasis added).[2]
The State’s testimony in the trial court established only that the officers conducting the roadblock had an oral briefing “on what we’re going to go do and these are the hours we’re going to do it ... during this time span.” The Court of Criminal Appeals held that this sparse testimony, which it conceded was “weak,” satisfied the Ogbum requirement to “specifically articulate the full details of the previously established plan.” Although this conclusion seems puzzling, the Court of Criminal Appeals, viewing the State’s testimony in light of “the totality of the circumstances” inferred the existence of the unarticulated plan from the officers’ actions at the roadblock, e.g., a well-lit stopping area, blinking emergency lights on the police vehicles, and a minimally intrusive detention to examine driver’s licenses and proof of insurance.
Because the State presented no evidence on the details of the plan or how it controlled the officers’ discretion, it failed to meet its burden of demonstrating that “the checkpoint was in accordance with a plan embodying explicit, neutral limitations on the officers’ conduct.” Ogburn, 104 So.3d at 275 (emphasis added). As Woolen argues in his petition, the State “offered absolutely no testimony about what [the officers] were actually instructed to do, or whether what they actually did was in accordance with a pre-established plan.” By inferring the existence of a plan from the officers’ actions, the Court .of Criminal Appeals in effect relieved the State of its burden as articulated in Ogbum.

TV. Conclusion

Because the decision of the Court of Criminal Appeals in this case conflicts with the standard stated in Ogbum for determining the reasonableness of a roadblock under the Fourth Amendment, I would grant Woolen’s petition for a writ of certio-rari to clarify the law in this area.

. The Fourth Amendment “generally bars officials from undertaking a search or seizure absent individualized suspicion.’’ Chandler v. Miller, 520 U.S. 305, 308, 117 S.Ct. 1295, 137 L.Ed.2d 513 (1997).

. Woolen suggests that "the neutral pre-exist-ing plan, in effect, acts as a substitute for the detached and neutral magistrate requirement of the Fourth Amendment.” Woolen’s petition, at 7 n. 2.